Case number four for argument today is Walker v. Cromwell. Mr. Krasich. May it please the court. My name is Matthew Krasich and I represent petitioner appellant Curtis Walker. My client has spent 30 years in prison for a crime he committed as a juvenile and almost will certainly die there before even having a chance to go before a parole board and try to show that he has remade himself. That sentence is grossly disproportionate under Supreme Court precedent, particularly where the sentencing judge expressly found Mr. Walker capable of reform. What's more, it is now common ground that this case is infected with procedural error. The state agrees that the district court erred in dismissing Walker's habeas petition without giving either party notice or an opportunity to respond. The state could have confessed error and consented to a remand. Instead, the state has made the choice to litigate this case on the merits, and it persists in defending the judgment below on two grounds. First, it says this court can avoid a remand because of questions of timeliness. In what case did the Supreme Court clearly establish that a sentence from which parole is possible is covered by the Miller principle? Judge Easterbrook, we'd point the court to 208 to 210 of Montgomery, where it very clearly says even if a judge exercises their discretion, it still violates the Eighth Amendment. Listen to my question. In what case did the Supreme Court clearly establish that a sentence from which parole is possible violates the Miller principle? So, Judge Easterbrook, your question is whether we can overcome the AEDPA hurdle on the fact that this is a de facto life sentence. I am asking a concrete question about decisions of the Supreme Court. It isn't Miller. It isn't Montgomery. It certainly isn't Jones. So is there some other case we need to look at? So we submit that this is part of Montgomery, but we would also say that AEDPA does not apply to the fact that there's a de facto… I would appreciate it if you would use real words, and AEDPA is not a word in English. So to your point, whether or not we need to establish that there is a Supreme Court case establishing that a sentence from which parole… clearly established by the Supreme Court is our decision in Wilson against Neal, which holds that there is no such rule clearly established by the Supreme Court. There's a Seventh Circuit case saying that de facto life sentences are covered by Miller. But according to Wilson, and as best I can see, no such case in the Supreme Court. Isn't that important? Right, and absolutely, if Wilson would be – is right on that principle, but AEDPA does not apply, the State Court… I have already told you that AEDPA is not a word in English. Unless you are speaking some foreign language, I suggest you use real words. So the deference that the State Court gets… Use the word the act. 2254 is part of a statute. You can call it the act. Okay, I will call it the act. The act says that we give deference to State Court decisions. Here, the Wisconsin Court of Appeals… It actually doesn't say that. The word deference is not in the statute. It says that a writ of habeas corpus can't issue unless the State Court has transgressed norms clearly established by the Supreme Court of the United States. That's why I'm asking where the Supreme Court of the United States has clearly established that a sentence from which parole is possible is governed by the Miller principle. And we would submit that that's Montgomery, Judge Easterbrook. It says very clearly… It's not a sentence from which parole was possible. This Court has recognized that the… Look, maybe we're just going around in circles. This Court issued a decision saying that the Miller principle governs de facto life sentences. Correct. This Court, much as we might hate to say it, is not the Supreme Court of the United States. Has the Supreme Court established that principle? And Wilson says no. You haven't filed a supplemental brief in light of Wilson. It seems to me your position requires us to overrule Wilson if it's going to go anywhere unless there is some other decision of the Supreme Court that we haven't been cited to. Correct. And Judge Easterbrook, I think we're on common ground in everything you've said so far. What our position is, is that Wilson said that no Supreme Court case has established that right. And it said that because… I hesitate to use the word edpedeference, but because the state court had… because no Supreme Court case had said that, it could not override the Indiana Supreme Court's holding that Miller and Montgomery do not apply to de facto. The sentence in Wilson was 100 years, and we held it to be outside the Miller principle. The sentence here before parole seems to be 79 years. Right. But the Wisconsin state court did not decide whether or not… it assumed without deciding that Miller and Montgomery, the framework, applied. Could I approach this from a slightly different angle? Sure. In Wilson, the petitioner was entitled to one for one good time under Indiana law at the time, and the parties were not disputing the consequences of Section 2254D for a so-called de facto wife sentence. My problem here I think may be a little more fundamental, and I hope you can help me. You all are offering a very powerful reading, it seems to me, of Miller and Montgomery, and there's a lot of things in those opinions that support your position. What I'm having trouble doing, though, is reading Montgomery as doing what it said it was not doing, which is expanding the merits of Miller. And when I look at the set of opinions in Jones, what I see is a Supreme Court facing this tension that we all see is there between Miller and Montgomery, and I see three very different views from the majority, from Justice Thomas, and from the dissenters about how to make sense out of Jones and Miller and Montgomery. It seems to me that you have to convince us that at least some of those views are unreasonable interpretations of Miller and Montgomery and Jones, so that the only reasonable interpretation is the one that you're offering. So I think our interpretation is the only interpretation that harmonizes all these cases. Jones did not purport to overrule Miller. Nothing can harmonize all of them, I would submit, and nothing can harmonize everything that was said in all three of those opinions. In that case, I think our reading is more harmonious, where the states basically relies on you ignoring its dicta. I don't disagree with your point that it may be the best reading. I'm not committing to that right now, but my trouble is in concluding that it's the only reasonable reading, and that a state court that reads them differently is acting unreasonably or is acting contrary to Supreme Court precedent. In this case, the state court read Jones far too broadly, and it ignored the language in Montgomery. So whether or not there are... Well, nobody is ignoring the different language and the different opinions. The problem is they conflict, as the justices themselves have said, right? That's our problem. Right, and I think at least Mr. Walker, in Montgomery 208 to 210, I mean, the language is there even if a sentencer considers incorrigible youth. Even if a sentencer uses discretion, a sentence for a non-corrigible youth violates the Eighth Amendment. Right. You said that. Is that dictum? Is it a holding? I think this court, that is holding. It was dispositive to the point that Miller was retroactive. And as Judge Easterbrook's written about in Bloom, this court should not ignore parts of Supreme Court precedent. Opinions issued by this court are by the court, not by their authors. I see I have a few minutes left. I'd like to reserve for about a few. Certainly, counsel. Ms. Potts. I'm surprised, Ms. Potts, that Walker's counsel did not call our more recent decision to our attention. I'm even more surprised that you didn't call Wilson to our attention. I am, too. I think initially when writing our response brief, we were really looking at the confines of what the district court did. But I completely agree with this court that the very recent case, Wilson case, is dispositive of this. Why? Because the Wisconsin court was assuming a de facto life sentence is covered by Miller. And that's certainly a reasonable view. And one that we took in McKinley, if I'm remembering the name correctly. So I'm not sure how far Wilson takes you. That may be debatable. I see your point. And that's, again, one of the reasons I think the district court didn't get into this. And I will say that a big theme for me this morning is there are a lot of bases, different independent bases, on which to affirm the district court's dismissal of this petition. There's lots of them. And there has been hundreds of pages of briefing in this case. And I think that we have a bunch of options on which to rely on to affirm the district court. I think we can dispose of this on timeliness. Okay. You want to go with timeliness? Then why shouldn't we remand then for a hearing on that issue? Sure. That's a good question. And you do not need to remand for a hearing on that question. And I would actually like to correct. In the state's brief, we choose not to argue that because we don't think it's necessary, now that the case is fully briefed here on appeal. I use the word that the district court is obligated. I don't actually think that is accurate. And so I would implore the court to kind of reconsider that. I think the Day case, which is the case that district courts often rely on in determining that they should provide notice and opportunity to a respondent before they sui sante, dismiss a case, they often believe that they are required to do that under Day. I will point out that the Day case is a case that was dismissed sui sante after the state answered and after the state had failed to raise timeliness. So it's a slightly different part of the process. This case deals with a Rule 4 dismissal. So the state had to have . . . I'm not sure we really want to get into the business of encouraging district judges to . . . Not to give that? To decide without an opportunity to . . . Well, that's fair. I just want to clarify my stating of that. I will also say that Rule 4 doesn't necessarily require it expressly in the code that that is provided and that this court has said that . . . Let's talk about timeliness for a second. Sure. When is it ever appropriate for a district court to decide to dismiss a case on the basis of an affirmative defense before that defense has been asserted? Well, that's . . . Untimeliness is an affirmative defense. Correct. It's expressed under the rules. Correct. And I agree. I agree. There are . . . I understand that you're arguing harmless error because now that it's been fully briefed, it would come out the same way. But as Judge Hamilton said, should we be even hinting that district judges ought to rule on affirmative defenses that have never been raised? That is what Rule 4, I would argue, allows the court to do. It allows the court to look at the record as a whole and determine whether or not the petitioner is clearly not entitled to relief. It doesn't speak to whether that means affirmative defenses or not. And so courts apply Rule 4 and dismiss cases frequently based on timeliness, based on exhaustion, based on things that are traditionally affirmative defenses. Now, in this case, this case can proceed because the issue of timeliness is a legal question. It doesn't rely on any evidentiary hearing or factual basis. No, but it's hopelessly entangled with the contradictory signals we've been getting from the Supreme Court, with all due respect. I mean, when we have a debate about even which case gave rise to the right that's being asserted here, right? Can you repeat your question? I want to know. It's not a question. It's more just an observation and an invocation for help from Washington on this. Let's put it that way. Because the timeliness seems to depend upon whether we construe Mr. Walker's petition as asserting a right stemming from Miller or from Montgomery.  Which are different but are supposed to be the same, right? And which Jones said are supposed to be the same. Right, right, right. Over the disagreement of some reasonable justices. As I think this court is getting at and is well aware, Montgomery says a lot of things in order to bend over backwards to find the Miller rule substantive. Fine. That was not the express holding. And even if it is read as expanding somehow the right in Miller, in 2021 Jones came in and retracted that back down. So I think we're at a point now where, you know, the... And I take it your view is that Jones did not undo anything that Montgomery did. Jones just told us that Montgomery didn't do anything. Exactly. And as an inferior court, we're supposed to do that. However implausible it might be. Yes. Yes. The Jones court came in and said this is how you read this. This is what Miller does. And that's the position of the state on the more merits aspect. But I guess in response to Judge Hamilton, it also relates to the timeliness because Walker is arguing here that his petition was timely because Montgomery somehow recognized the right he is asserting. And that just is not supported by any of the cases, I would argue. Well, it is supported by parts of Montgomery. I don't agree with that. I'd say this is a substantive right. That is a discussion in the context of a retroactivity analysis. That is a discussion that the court had while it was trying to determine that something that looked procedural was actually substantive. And so the court said a lot of things about Miller. I would argue misquotes Miller, but it's the same court, so I can't really argue that they were wrong. Yeah, we're all in that same boat. Could I ask you, Ms. Potts, I mean, this is deadly serious stuff with life and death consequences for at least hundreds of people every year, according to the statistics that the Supreme Court has given us. The Supreme Court has obviously been struggling with what to do in this area. Look at the statements in the sentencing transcript in this case. You seem to want to argue about whether the sentencing judge thought there was some hope for corrigibility for Mr. Walker. And I guess I read it and I see signs of hope that you'll find a new way to, you know, he's then a very young man and that he may need to find a new way. Yes, I think one big theme I want to point out in response to that is that no matter how many times Walker says it, this transcript does not show that the sentencing court found him corrigible. What the sentencing court did here, I think, was a really good job of looking at being sympathetic towards a young man who has failed to be able to be reformed to the level that makes him safe to be free. And I think it is really important that we clarify for sentencing judges that they can still say things that are positive to these defendants without rendering the sentence unconstitutional. And what I see the sentencing court doing here is not finding him corrigible in the sense that the court thinks he will be able to be released someday because he will be safe. What I see the court doing is saying you're going to be in jail for a really long time, but that doesn't mean that you can't find ways to contribute to the world and you can still make changes. Now, this is exactly what – and I see my red light is on. Would you like me to finish that thought or not? I'm happy to say that. I think you've answered Judge Hamilton's question. Okay. All right. Thank you very much. Anything further, counsel? You have about 30 seconds. I'll expand it to a minute. Thank you. Just a few points, Your Honor. First, on the corrigibility finding, I'll just note that both the state court and the district court read the transcript as we do in finding a corrigibility finding. That's A74 and RSA 7. I'd like to take another shot at Judge Hamilton's question about how we reconcile the different opinions in Jones. I think the state came up here and described Jones as minimizing Montgomery, rewriting Miller and Montgomery. One will search in vain in Jones to find any language of that sort, and I think the different opinions in Jones can be reconciled as Jones was just talking about something else. He was talking about on-the-record corrigibility findings. Absent some affirmative indication in Jones that it was intending to overrule or minimize Montgomery, that language in Montgomery that was crucial to the holding at the Miller right of substantive is still binding on this court, absent some further clarification from the Supreme Court. I see my time has ended. I ask that the court reverse and remand with instructions to grant the writ. Thank you. Thank you, and we appreciate your willingness and that of your law firm to accept the appointment and the assistance of the court as well as your client. Case is taken under advisement.